■ NORTH SHORE COMPANY, Appellant, v JOSEPHINE POLVINO et al., Respondents. (Appeal No. 1.) [622 NYS2d 166] —Order unanimously affirmed with costs. Memorandum: By its complaint, plaintiff alleges that it retains a partial interest in certain property that was the subject of a tax sale, and in its first cause of action seeks to set aside that sale on the ground that plaintiff did not receive the required notice. Plaintiff sued a number of defendants, including Josephine, Joseph, and Allen Polvino. Josephine Polvino was the purchaser at the tax sale, and Joseph and Allen Polvino are named as her alleged copurchasers/coconspirators. Plaintiff appeals from an order denying its motion for partial summary judgment on its first cause of action and granting the cross motions of the Polvinos for dismissal of the complaint against them.

The court properly granted the Polvinos' cross motions for summary judgment dismissing the complaint, and properly denied plaintiff's motion for partial summary judgment. The first cause of action has no merit because, years before the sale, plaintiff assigned its entire interest in the mortgage, and thus had no interest in the property at the time of the sale and no right to notice. Plaintiff's contention that the 1968 document effectuated a partial assignment is refuted by the language of the document itself, which refers to assignment of plaintiff's entire interest in the original $15,000 mortgage and indebtedness without limitation or qualification. Plaintiff's contention that the partial description of the mortgaged premises attached to the assignment operated as a partial assignment of the mortgage is insupportable. A mortgagee does not

make a partial assignment of a mortgage in that manner, but rather by assigning a portion of the original debt secured by the mortgage, whether expressed in a stated dollar amount or a stated fractional interest *(see generally,* 78 NY Jur 2d, Mortgages and Deeds of Trust, §§ 254, 277; 3A Warren's Weed, New York Law of Real Property, Mortgages, § 16.06 [8] [a] [4th ed]; McKinney's Forms, Real Property Practice § 5:107, at 562). The fact that plaintiff no longer has any interest in the property is dispositive not only of its first cause of action seeking to set aside the sale, but of all its causes of action against the moving defendants, thus warranting affirmance and obviating discussion of plaintiff's remaining contentions. (Appeal from Order of Supreme Court, Ontario County, Henry, Jr., J.—RPAPL art 15.) Present—Denman, P. J., Green, Balio, Wesley and Callahan, JJ.